United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued November 18, 1997 Decided November 28, 1997 

 No. 96-1344

 American Federation of Government Employees, Local 2986, 

 Petitioner

 v.

 Federal Labor Relations Authority, 

 Respondent

 Consolidated with

 No. 96-1363

 On Petitions for Review of Orders of the 

 Federal Labor Relations Authority

 Anne M. Wagner argued the cause for petitioners, with 
whom Mark Roth was on the briefs.

 Ann M. Boehm, Attorney, Federal Labor Relations Au-
thority, argued the cause for respondent, with whom David 


M. Smith, Solicitor, and William R. Tobey, Deputy Solicitor, 
were on the brief.

 Before: Edwards, Chief Judge, Wald and Randolph, 
Circuit Judges.

 Opinion for the Court filed Per Curiam.

 Per Curiam: We dismiss the petitions for review of the 
decisions of the Federal Labor Relations Authority ("Authori-
ty") in American Federation of Government Employees, Lo-
cal 2986, 51 F.L.R.A. No. 126 (July 19, 1996), and American 
Federation of Government Employees, Local 3006, 51 
F.L.R.A. No. 142 (July 31, 1996), for want of jurisdiction.

 In these cases, Locals 2986 and 3006 of the American 
Federation of Government Employees ("Unions") sought sev-
erance pay pursuant to 5 U.S.C. s 5595 (1994 & Supp. 1996), 
on behalf of former civilian technicians of the National Guard 
who were terminated from their positions because of their 
failure to maintain membership in the National Guard. In 
both cases, arbitrators awarded severance pay to the former 
technicians, and the National Guard Bureau filed exceptions 
to the arbitration awards with the Authority. The Authority 
purported to review the arbitrators' decisions under 5 U.S.C. 
s 7122(a) (1994); in each case, the Authority overturned the 
awards granting severance pay. The Unions seek review of 
the Authority's decisions, claiming that the Authority did not 
have jurisdiction under s 7122(a) to consider the National 
Guard Bureau's exceptions to the arbitration awards.

 This court lacks jurisdiction under 5 U.S.C. s 7123 to 
review the Authority's decisions in these cases. We do not 
discern a violation of a clear statutory mandate by the 
Authority which would warrant judicial intervention under 
standards of the sort enunciated in Leedom v. Kyne, 358 U.S. 
184 (1958), and like precedent. Moreover, this case does not 
come within the compass of the holding in United States 
Dep't of Treasury v. FLRA, 43 F.3d 682 (D.C. Cir. 1994), 
pursuant to which this court might have jurisdiction to review 
the Authority's decisions. Accordingly, the petitions for re-
view are dismissed.